ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2004 MAR 15 PH 2: 22

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RANDA HAHN | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:03-CV-855-Y |
| AMGEN INC., ET AL. | § § § | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Amgen Inc., Immunex Corporation, Immunex Manufacturing Corporation and Wyeth (hereinafter "Defendants"), hereby submit this Memorandum of Law in Support of Defendants' Motion for Summary Judgment. There is no dispute that plaintiff is required by Texas law to produce evidence of causation in support of her claims. There is no dispute that the Court ordered plaintiff to produce expert evidence of causation no later than March 12, 2004, and there is no dispute that plaintiff has not produced any causation evidence at all. In the absence of any dispute on these issues, summary judgment should be granted in favor of defendants Amgen Inc., Immunex Corporation, Immunex Manufacturing Corporation and Wyeth.

**I. BACKGROUND**

The factual background of this case was set forth in Section I of the Brief in Support of Defendants' Motion to Bifurcate Discovery, which is reproduced in the appendix for the Court's convenience. App. pages 3-10.

**II. LEGAL STANDARD**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). In responding to a motion for summary judgment, a "party may not

rest upon the mere allegations or denials of [its] pleadings, but the . . . party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III. SUMMARY OF CLAIMS

Pursuant to Local Rule 56.3(a), defendants provide the following statements identifying the elements of each claim or defense as to which summary judgment is sought. Summary judgment is sought on each of plaintiff's seven claims: fraud, negligence, strict liability, strict liability – failure to warn, breach of express warranties, breach of implied warranties and negligent misrepresentation.

- The required elements of a fraud claim are "(1)a material misrepresentation, (2) which was false, and (3) which was either known to be false when made or was asserted without knowledge of the truth, (4) which was intended to be acted upon, (5) which was relied upon, and (6) **which caused injury**." DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 688 (Tex.1990) (emphasis added).

- The required elements of a negligence claim are "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) that such breach **proximately caused the plaintiff's injuries**." Retzlaff v. Tex. Dep't of Crim. J., ___ S.W.3d ___, No. 01-02-00437-CV, 2003 Tex. App. LEXIS 10593, at * 23 (Tex. App.--Houston[1st Dist.] Dec. 18, 2003) (citing El Chico Corp. v. Poole, 732 S.W.2d 306, 311, (Tex. 1987)) (emphasis added).

- The required elements of strict liability claims are " (1) a product defect;[1] (2) that existed at the time the product left manufacturer's hands;[2] (3) the defect made the product unreasonably dangerous;[3] and (4) the defect was **a producing cause of plaintiff's injury**."[4] Parsons v. Ford Motor Co., 85 S.W.3d 323, 329 (Tex. App.--Austin 2002, pet. denied) (emphasis added).

- The required elements of a breach of express warranty claim are "(1) an express affirmation of fact or promise by the seller relating to the goods; (2) that such affirmation of fact or promise became a part of the basis of the bargain; (3) that the plaintiff relied upon said affirmation of fact or promise; (4) that the goods failed to comply with the affirmations of fact or promise; (5) that the plaintiff was injured by such failure of the product to comply with the express warranty; and (6) that such failure was the **proximate cause of plaintiff's injury**." Great Am. Prods. v. Permabond Int'l, 94 S.W.3d 675, 681 (Tex. App.--Austin 2002, pet denied); Morris v. Adolph Coors Co., 735 S.W.2d 578, 587 (Tex. App.--Fort Worth 1987, writ ref'd n.r.e.); Gen. Supply & Equip. Co. v. Phillips, 490 S.W.2d 913, 917 (Tex.Civ.App.--Tyler 1972, writ ref'd n.r.e.) (emphasis added).

---

[1] Hyundai Motor Co. v. Rodriguez, 995 S.W.2d 661, 667 (Tex. 1999).

[2] Rourke v. Garza, 530 S.W.2d 794, 798, 801 (Tex. 1975).

[3] Armstrong Rubber Co. v. Urquidez, 570 S.W.2d 374, 376 (Tex. 1978).

[4] Rodriguez, 995 S.W.2d at 667.

- The required elements of a breach of implied warranty claim are (1) that the product in question was defective or "unfit for its purpose because of a lack of what was required for adequacy"; (2) that the alleged defect existed when the product left the manufacturer's and the seller's possession; and (3) that the alleged defect **proximately caused the injuries** for which the plaintiff seeks damages. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 444 (Tex. 1989); Roventini v. Ocular Sciences, Inc., 111 S.W.3d 719, 723-24 (Tex. App.--Houston[1st Dist.] 2003, no pet.) (emphasis added).

- The required elements of a negligent misrepresentation claim are "(1) the representation is made by a defendant in the course of his business or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the **plaintiff suffers pecuniary loss by justifiably relying on the representation.**" Fed. Land Bank Ass'n v. Sloane, 825 S.W.2d 439, 442 (Tex.1991) (emphasis added).

### IV. SUMMARY JUDGMENT IS APPROPRIATE ON ALL OF PLAINTIFF'S CLAIMS BECAUSE PLAINTIFF HAS NOT AND CANNOT PRODUCE THE REQUIRED EVIDENCE OF CAUSATION

This Court's December 17, 2003 order stated that "[i]f Defendants do not believe that the causation evidence presented by Plaintiff justifies continued prosecution of this litigation theay shall file . . . a motion for summary judgment . . . regarding **the causation issue**. App. page 2. (emphasis added). Pursuant to the Court's directive, Defendants file the Motion for Summary Judgment.

Plaintiff's claims cannot survive summary judgment because she has not and cannot produce any evidence that Enbrel® **caused** her alleged injuries. As outlined above, under Texas law, causation is a required element of each of plaintiff's claims. Although Federal and Texas State courts alike allow a jury to decide causation with or without medical testimony in areas of "common experience", Hamburger v. State Farm Mut. Auto. Ins. Co., ___ F3d ___, No. 02-21126, 2004 U.S. App. LEXIS 3953, at *25 (5th Cir. 2004); Morgan v. Compugraphic Corp., 675 S.W.2d 729, 733 (Tex. 1984), the courts have universally held that the issue of causation in drug cases is not within the general experience and common sense of a jury. See Daubert v. Merrell Dow Pharms., 509 U.S. 579, 590 (1993) (holding that "the requirement that an expert's testimony pertain to scientific knowledge establishes a standard of evidentiary reliability"); Merrell Dow Pharms. v. Havner, 953 S.W.2d 706, 714-15 (Tex. 1997) (holding

that in cases where controlled, direct scientific experimentation cannot be carried out to determine if a substance is capable of causing a particular injury or condition, "there will be no reliable evidence of specific causation"). As a result, in drug cases, medical causation questions cannot be resolved by jurors. Therefore, medical expert testimony must be presented in order for a plaintiff to satisfy its burden of proof on the issue of causation in this type of medical case. See e.g., Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). See also Coastal Tankships, USA, Inc. v. Anderson, 87 S.W.3d 591, 603-04 (Tex. App.--Houston[1st Dist.] 2002, pet. denied) (citing Lenger v. Physician's Gen. Hosp., Inc., 455 S.W.2d 703, 706 (Tex. 1970)).

On December 17, 2003, the Court issued an order permitting plaintiff to take discovery "related to the issue of whether Plaintiff's alleged injuries were caused by her use of the drug Enbrel®." App. at page 1. All other discovery was stayed at that time. Id. Plaintiff was also ordered to produce, no later than March 12, 2004, "an affidavit or sworn declaration of one or more qualified physicians or medical experts who proffer an admissible expert opinion that, to a reasonable degree of medical probability, Plaintiff's use of Enbrel® caused her injuries." Id.

In the nearly three months since the Court issued its order, plaintiff has not made any attempt to comply with it. She has not conducted any discovery at all. She has not served defendants with any interrogatories or document requests. She has not issued any third-party subpoenas. She has not noticed any depositions. In fact, plaintiff did not do anything from the date the order was issued until one and a half weeks before the court-imposed deadline, when plaintiff's counsel called to ask that defendants agree to a dismissal without prejudice.[5]

---

[5] Defendants are willing to agree only to a dismissal with prejudice. This Court has adopted a list of non-exclusive factors that guide the Court's determination of Rule 41(a)(2) motions. Radiant Tech. Corp. v. Electrovert USA Corp., 122 F.R.D. 201, 203 (N.D. Tex. 1988). Pursuant to those guidelines, a voluntary motion to dismiss without prejudice should be denied outright if "dismissal will preclude the court from deciding a pending case or claim-dispositive motion." Id. If plaintiff files a Rule 41(a)(2)

On March 11, 2004, one day before the close of the causation discovery period, plaintiff filed a Motion to Extend Deadline for Designating Physicians and Medical Experts.[6] Notwithstanding plaintiff's last-minute attempt to salvage her case, plaintiff's failure to identify a single expert witness on the issue of causation during the discovery period defined by the Court is both a violation of the terms of the Court's December 17, 2003 order (and, therefore, grounds for dismissal)[7], and sufficient grounds for summary judgment. The express terms of the December 17, 2003 order provide that defendants shall file a Motion for Summary Judgment if they "do not believe that the causation evidence presented by Plaintiff justifies the continued prosecution of this litigation." App. at page 2. As it turns out, plaintiff's evidence is not only insufficient, it is non-existent. Plaintiff simply has not and cannot produce the required evidence of causation. Accordingly, she should not be permitted to proceed any further, and summary judgment should be granted in favor of all defendants.

## V.   CONCLUSION

For all of the foregoing reasons, defendants Amgen Inc., Immunex Corporation, Immunex Manufacturing Corporation and Wyeth respectfully request that the Court issue an order granting summary judgment in favor of defendants.

---

motion, it should be denied because, if granted, it would prevent the Court from resolving the instant case-dispositive motion.

[6] Defendants have filed a separate opposition to plaintiff's last-minute motion for extension of time, which seeks merely to delay the inevitable dismissal of this case.

[7] As the Fifth Circuit has recognized, "the federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995), quoting Link v. Wabash R. Co., 370 U.S. 626, 630 (1962). "This includes the power of the court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders." Id. While dismissals for failure to obey a court order "should be confined to instances of 'bad faith or willful abuse of the judicial process,'" id. (internal citation omitted), this is a case in which dismissal would be an appropriate sanction for plaintiff's actions.

Dated: March 15, 2004                    Respectfully Submitted,

By: /s/ John R. Henderson
John R. Henderson
TX State Bar Number 09424200
Kathy J. Owen
TX State Bar Number 15369300
Brown McCarroll, L.L.P.
2000 Trammell Crow Center
2001 Ross Ave.
Dallas, Texas 75201
(214) 999-6100 (telephone)
(214) 999-6170 (facsimile)

Mark D. Gately
MD State Bar Number 00134
Hogan & Hartson L.L.P.
111 South Calvert Street
Baltimore, MD 21202
(410) 659-2700 (telephone)
(410) 539-6981 (facsimile)

Michael L. Kidney
D.C. Bar Number 429093
Hogan & Hartson L.L.P.
555 Thirteenth Street, N.W.
Washington, DC 20004
(202) 637-5600 (telephone)
(202) 637-5910 (facsimile)

Attorneys for Amgen Inc., Immunex Corporation, and Immunex Manufacturing Corporation

By: /s/ Michael R. Klatt (by permission)
Kenneth J. Ferguson
TX State Bar Number 06918100
Michael R. Klatt
TX State Bar Number 11554200
Clark, Thomas & Winters, P.C.
300 West Sixth Street
Suite 1500
Austin, Texas 78701
(512) 472-8800 (telephone)
(512) 474-1129 (facsimile)

Attorneys for Wyeth

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on Plaintiffs' Counsel via Certified Mail, Return Receipt Requested and to all other counsel of record via regular mail on this 15th day of March, 2004.

_____
Kathy J. Owen